**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>EARL FOY, JR.,<br><br>    Defendant. | No. CR07-3023-MWB<br><br>**ORDER REGARDING DEFENDANT'S *PRO SE* MOTION TO WITHDRAW GUILTY PLEA** |

_____

## I. INTRODUCTION AND BACKGROUND

In an indictment returned on May 22, 2007, defendant Earl Foy, Jr. is charged with three counts of mailing a threatening letter, in violation of 18 U.S.C. § 876(c) (Counts 1, 2 and 4), and two counts of mailing a threatening letter to extort others, in violation of 18 U.S.C. § 876(b) (Counts 3 and 5). On April 20, 2009, trial in this case commenced before the Honorable James E. Gritzner. During his opening statement, defendant Foy's counsel asserted that the prosecution would be unable to prove that defendant Foy sent the three letters that form the basis for the charges. Tr. at 86-88. Foy's counsel specifically pointed to the postmarks of the three envelopes as evidence demonstrating that Foy could not be responsible for the mailing of the three letters and that Foy had been "set-up." Tr. at 87. The prosecution presented the testimony of the recipient of the three letters, Sara Kentner, defendant Foy's former girlfriend, correctional officers at the Iowa State Penitentiary, Mike O'Reilly, Jim Burton, and Dave DeGrange, Federal Bureau of Investigation Special Agent Dave Larson, and Federal Bureau of Investigation Forensic Document Examiner Gabriel Watts. Kentner testified to receiving the three letters and recognizing the

handwriting in the letters as belonging to defendant Foy. Tr. at 100-102, 106-107, and 112-113. Special Agent Larson testified that defendant Foy admitted to writing and sending two of the letters.[1] Tr. at 200-201. Special Agent Larson further testified that defendant Foy admitted to sending letters to his sister, who, in turn, would get the letters to Kentner. Tr. at 203. Forensic Document Examiner Watts testified that after comparing the three letters with writing exemplars provided by defendant Foy, she concluded that Foy was the author of all three letters as well as the writer of the envelopes for the first and second letter. Tr. at 233. Following two days of trial and after the prosecution had rested, defendant Foy plead guilty, without a plea agreement, to all counts of the indictment. Defendant Foy has since filed a *pro se* motion to withdraw his guilty plea. In his motion, defendant Foy contends that he was induced to plead guilty based on evidence presented at his trial that had been tampered with by the prosecution.

## II. ANALYSIS

Federal Rule of Criminal Procedure 11(d) provides as follows:

> **(d) Withdrawing a Guilty or Nolo Contendere Plea.**
> A defendant may withdraw a plea of guilty or nolo contendere:
> **(1)** before the court accepts the plea, for any reason or no reason; or
> **(2)** after the court accepts the plea, but before it imposes sentence if:
> **(A)** the court rejects a plea agreement under Rule 11(c)(5); or
> **(B)** the defendant can show a fair and just reason for requesting the withdrawal.

---

[1] Special Agent Larson testified that he did not have a copy of the third letter with him to show defendant Foy when Foy admitted to writing and sending the first two letters. Tr. at 202.

FED. R. CRIM. P. 11(d).

Pursuant to Rule 11(d), before the court imposes sentence, a defendant may move to withdraw his guilty plea if there is a "fair and just reason" for doing so. *See* FED. R. CRIM. P. 11(d)(2)(B). Accordingly, defendant Foy is required to show "a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B); *United States v. Rollins*, 552 F.3d 739, 741 (8th Cir. 2009) ("'The defendant bears the burden of showing fair and just grounds for withdrawal.'") (quoting *United States v. Mugan*, 441 F.3d 622, 630-31 (8th Cir. 2006)); *United States v. Green*, 521 F.3d 929, 932 (8th Cir. 2008) ("After his guilty plea is accepted but before sentencing, a defendant may be permitted to withdraw the plea for 'a fair and just reason.'"); *United States v. Taylor*, 515 F.3d 845, 851 (8th Cir. 2008) ("If a defendant presents a 'fair and just reason' for the withdrawal, the defendant may withdraw a guilty plea after the court's acceptance of the plea, but before sentencing."). In addition to considering whether there is a "fair and just reason" for the defendant to be allowed to withdraw his guilty plea, "[t]he district court may also consider any assertions of legal innocence, the amount of time between the plea and the motion to withdraw, and the prejudice to the government in granting the motion." *Mugan*, 441 F.3d at 630; *accord Green*, 521 F.3d at 932; *United States v. Smith*, 422 F.3d 715, 721 (8th Cir. 2005); *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005). "If a defendant fails to establish a fair and just reason for withdrawing the guilty plea, the district court need not address the remaining factors." *Smith*, 422 F.3d at 724. Also, "[g]uilty pleas should not be 'set aside lightly.'" *Id.* (quoting *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997), *cert. denied*, 522 U.S. 824 (1997)). Thus, although the "fair and just" standard is a liberal one, it does not create an automatic right to withdraw a plea. *Smith*, 422 F.3d at 723.

Defendant Foy contends that the prosecution tampered with evidence in his case and, as a result, he was induced to plead guilty. Defendant Foy, however, has not established that any evidence admitted at trial was tampered with. To establish tampering, defendant Foy contends that only one of three envelopes used to send the threatening letters was sent to the FBI for handwriting analysis. The trial record, however, reveals this not to be the case. Although FBI Forensic Document Examiner Watts testified that she could conclude that defendant Foy was the writer of only two of the envelopes, those for the first and second letters, she nonetheless testified that she received and examined all three envelopes. Tr. at 226-230. Watts testified that she could not perform a handwriting analysis on the envelope accompanying the third letter because it was "overwritten" and such a document did not provide a basis for comparison because it "was not freely and naturally prepared because of the overwritten nature of that handwriting." Tr. at 233. Defendant Foy's remaining arguments that evidence was tampered with are based on his conclusion that the prosecution presented forged documents at his trial. For example, defendant Foy questions how one of the envelopes could have been delivered to the victim given the misspelling of the victim's name on it and portions of the address being blacked out. Again, the trial record does not buttress this argument. Sara Kentner testified to receiving each of the threatening letters, including the one with portions of the address blacked out:

> Q. There are also blackouts on the envelope. Was the address blacked out when you received it?
>
> A. Yes.
>
> Q. The address was?
>
> A. Where the lines were, yes.

4

| | | |
|---|---|---|
| Q. | When you received it, the address was blacked out? | |
| A. | Yes. | |
| Q. | But you got it in the mail. | |
| A. | This was just how I got it, but it had my P.O. Box on there. | |
| Q. | So it had your P.O. box number. | |
| A. | Yes. | |
| Q. | And that's how it got to you. | |
| A. | Yes. | |

Tr. at 103.

Because defendant Foy has failed to establish a fair and just reason for withdrawing his guilty plea, the court need not address the remaining pertinent factors. *United States v. Smith*, 422 F.3d 715, 721 (8th Cir. 2005) (instructing that "[i]f a defendant fails to establish a fair and just reason for withdrawing the guilty plea, the district court need not address the remaining factors."); *United States v. Gray*, 152 F.3d 816, 819 (8th Cir. 1998) (noting that "if a defendant does not present a fair and just reason for withdrawal of a guilty plea no need exists to examine the other factors."), *cert. denied*, 525 U.S. 1169 (1999); *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996) (holding that "'[i]f the defendant fails to establish a fair and just reason for withdrawing the guilty plea, the trial court need not address the remaining considerations.'") (quoting *United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993)), *cert. denied*, 520 U.S. 1180 (1997). Therefore, defendant Foy's *pro se* motion to withdraw guilty plea is denied.

**IT IS SO ORDERED.**

**DATED** this 24th day of July, 2009.

                                                      MARK W. BENNETT
                                                     U. S. DISTRICT COURT JUDGE
                                                     NORTHERN DISTRICT OF IOWA