# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| | | No. CR 07-3023-MWB |
| Plaintiff, | | No. C 11-3052-MWB |
| vs. | | **OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT** |
| EARL FOY, JR., | | |
| Defendant. | | |

_____

This case is before me on the October 2, 2018, Motion Pursuant To "Federal Rule 60(b)(2) under newly discovered evidence seeking to withdraw his guilty plea" (Rule 60(b)(2) Motion) filed by defendant Earl Foy, Jr. In his Rule 60(b)(2) Motion, Mr. Foy asserts that he can provide evidence showing that not only were exhibits tampered with but also destroyed and that his trial counsel was ineffective in failing to obtain or provide him with copies of evidence of writing samples, which he claims he should have had.

My review of Mr. Foy's Rule 60(b)(2) Motion does not convince me that he has any "newly discovered evidence," because he is asserting the same claims for the same reasons that he has previously advanced in motions to withdraw his guilty plea and for § 2255 relief, all of which have been denied. More importantly, however, a motion seeking relief from a judgment pursuant to Rule 60(b)(2), seeking leave to present "newly discovered evidence," must be treated as a second or successive *habeas* petition pursuant to 28 U.S.C. § 2255. *Sanders v. Norris*, 529 F.3d 787, 789 (8th Cir. 2008) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), in turn quoting FED. R. CIV. P. 60(b)(2)). I must dismiss, for lack of subject matter jurisdiction, any successive petition that is filed

without the permission of a federal circuit court of appeals. *See Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. Oct. 30, 2000) (unpublished decision); *United States v. Bailey*, 514 F. App'x. 835, 836 (11th Cir. 2013) (noting that "[a] prisoner may not . . . file a second or successive petition under § 2255 unless and until we grant certification. Absent such permission, the district court lacks jurisdiction to address the petition and must dismiss it.") (citations omitted); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (instructing that "[a] district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."); *see also United States v. Davis*, 524 F. App'x 389, 390 (10th Cir. 2013) (noting that "[a] prisoner may not file a second-or-successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion.").

Therefore, Mr. Foy's Rule 60(b)(2) Motion, which is a second or successive § 2255 petition filed without permission of the Eighth Circuit Court of Appeals, is **denied** and **dismissed**.

**IT IS SO ORDERED**.

**DATED** this 29th day of November, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA